UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY SCOCOZZO,

        Plaintiff,

v.                                Case No. 3:26-cv-488-JEP-SJH

SCOTT RHODEN, et al.,

        Defendants.

_____

## **ORDER**

Plaintiff Anthony Scocozzo, a pretrial detainee at Baker County Detention Center who is proceeding pro se, initiated this action on September 17, 2025 by filing a Complaint in the Circuit Court of the Eighth Judicial Circuit in and for Baker County, Florida, against Sheriff Scott Rhoden ("**Rhoden**"), YesCare Jane Doe Nurses 1 and 2, YesCare Medical Coordinator Justina Dyal ("**Dyal**"), and YesCare Doctor Provider Jane Doe 3. (Doc. 6). In the Complaint, Plaintiff alleges claims of deliberate indifference for Defendants' failure to replace his prescription eyeglasses. (*Id.*). On March 6, 2026, with Dyal's consent, Rhoden removed the case to this Court based on federal question jurisdiction. (*See* Doc. 1).

Before the Court are Dyal's Motion to Dismiss (Doc. 1-2), Plaintiff's Response (Doc. 9) thereto, Rhoden's Motion to Dismiss (Doc. 8), Plaintiff's

Response (Doc. 13) thereto, Plaintiff's Motion for Leave to Amend (Doc. 10), and Plaintiff's Motion to Withdraw Motion for Leave to Amend (Doc. 14). The Court will deny without prejudice Dyal's Motion to Dismiss (Doc. 1-2), which was filed in state court before the removal. *See* M.D. Fla. R. 1.06(c) ("A motion pending in state court when the action is removed is denied without prejudice.").

The Court will also deny without prejudice Rhoden's Motion to Dismiss (Doc. 8), which is premised on the assumption that Rhoden is being sued in his official capacity. Plaintiff's Complaint, however, does not specify the capacity in which Defendants are being sued. Additionally, Rhoden's Motion to Dismiss is subject to dismissal under Local Rule 1.06(c) to the extent it is, at least partially, "a near carbon copy of" Dyal's Motion to Dismiss.[1] (*Id.* at 6 n.1). The Court will give Plaintiff an opportunity to file an amended complaint to clarify his allegations as to each Defendant and specify the capacity in which they are being sued, to bring his pleading into compliance with federal pleading standards,[2] and to state a plausible claim for relief. *See Hall v. Merola*, 67 F.4th

---

[1] To the extent Rhoden argues that Plaintiff must pay the filing fee (Doc. 8 at 2, 6–8), in a removal case such as this where Defendant has paid the filing fee, Plaintiff is not required to do so. *See Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306–07 (11th Cir. 2022).

[2] *See* Fed. R. Civ. P. 8 (a)(2) (stating that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed.

2

1282, 1295 (11th Cir. 2023) (stating that a pro se litigant is "entitled to at least one chance to amend his complaint" before his case is dismissed with prejudice "if a more carefully drafted complaint might state a claim").

In its current form, the Complaint fails to state a plausible deliberate indifference claim under the Fourteenth Amendment.[3] "[T]he Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" *Keohane v. Fla. Dep't of Corrs. Sec'y*, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish liability on a indifference claim, the plaintiff must show: (1) "that he suffered a deprivation that was[] 'objectively, 'sufficiently serious'"; and (2) "the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade,* 106 F.4th 1251, 1261–62 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 839 (1994)). Under the criminal-recklessness

---

R. Civ. P. 10(b) (stating that the claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

[3] Plaintiff concedes that his deliberate indifference claims must be reviewed under the Fourteenth Amendment, which applies to pretrial detainees, rather than under the Eighth Amendment as alleged in the Complaint. (Doc. 9 at 3). The standards under the Eighth and the Fourteenth Amendments are the same with respect to providing necessities, medical care, and a safe environment to prisoners and detainees. *See Nam Dang ex rel. Vina Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 (11th Cir. 2017); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

standard, the inmate must "prove that the defendant prison official *actually* knew of a substantial risk of serious harm, not just that he *should have known*." *Id.* at 1257 (emphasis in original). Further, "a deliberate-indifference plaintiff must show that the defendant official was subjectively aware that his own conduct—[] his own actions or inactions—put the plaintiff at substantial risk of serious harm." *Id.* at 1258, 1262. Nevertheless, a defendant, who "actually knew of a substantial risk to inmate health or safety," cannot be found liable under the Cruel and Unusual Punishments Clause, if he "responded reasonably to the risk." *Id.* at 1262 (quoting *Farmer*, 511 U.S. at 844–45).[4]

Construed liberally, Plaintiff's Complaint fails to state a plausible claim for relief. Even assuming Plaintiff suffered a deprivation that was "objectively, sufficiently serious" when Defendants failed to replace his prescription glasses between May and October 2025 (*see* Doc. 6 at 2; Doc. 10), he does not adequately allege that Defendants knew of a substantial risk of serious harm to Plaintiff, or that they knew that their own conduct put Plaintiff at a substantial risk of serious harm, to support a medical deliberate indifference claim. *Wade,* 106 F.4th at 1261–62 (quotations omitted). Additionally, even if

---

[4] To the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with *Wade*, "they should continue to be cited as binding precedent." *Wade*, 106 F.4th at 1265 (Jordan, J., concurring).

Plaintiff could establish that Defendants were negligent, the Constitution is not implicated by the negligent acts of prison officials. *See Estelle*, 429 U.S. at 106 (stating that allegations of medical negligence do not satisfy the stringent deliberate indifference standard).

Thus, if Plaintiff wants to proceed with this action, he must file an amended complaint. Because the amended complaint will supersede the original complaint, *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011), the amended complaint must include all claims Plaintiff wishes to raise and must not refer back to the original Complaint. Thus, Plaintiff's Motion for Leave to Amend (Doc. 10) and Motion to Withdraw Motion for Leave to Amend (Doc. 14) will be terminated as moot.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Dyal's Motion to Dismiss (Doc. 1-2) and Rhoden's Motion to Dismiss (Doc. 8) are **DENIED without prejudice**.

2. Plaintiff's Motion for Leave to Amend (Doc. 10) and Motion to Withdraw Motion for Leave to Amend (Doc. 14) are **TERMINATED as moot**.

3. The Complaint (Doc. 6) is **DISMISSED without prejudice**. If Plaintiff wants to proceed with this action, he must file an amended complaint that complies with the directives of this Order and all applicable rules and law

**within thirty days** of the date of this Order. If Plaintiff does not timely file an amended complaint, this case may be dismissed without further notice.

    **DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Counsel of Record
Anthony Scocozzo, #22000475